## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WENDY MARISOL LOPEZ GARCIA
c/o 519 H Street NW
Washington, DC 20001

     Plaintiff,

v.

                                      Civil Action No. _____

7TH HILL RESTAURANT, INC.
d/b/a 7TH HILL PIZZA PALISADES
4885 MacArthur Boulevard NW
Washington, DC 20007

LA GOULU, INC.
d/b/a SEVENTH HILL PIZZA
d/b/a MONTMARTE
327 7th Street SE
Washington, DC 20003

CHRISTOPHER RAYNAL
520 13th Street SE
Unit A
Washington, DC 20003

STEPHANE LEZLA
2332 N Tuckahoe Street
Arlington, VA 22205

     Defendants.

## COMPLAINT

1.     Plaintiff worked at Defendants' pizza shops. Defendants paid Plaintiff the same regular rate across all hours worked, thereby denying her overtime wages. Furthermore, Defendants did not provide Plaintiff with paid safe and sick leave.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the District of Columbia Minimum Wage Act ("DCMWA"), D.C. Code § 32-1001 *et seq.* Plaintiff also seeks to recover damages for Defendants' failure to provide paid safe and sick leave, pursuant to the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because most of the Defendants reside in this district and the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff Wendy Marisol Lopez Garcia is an adult resident of Maryland.

6. Defendant 7th Hill Restaurant, Inc. is a District of Columbia corporation. It does business as 7th Hill Pizza Palisades. Its principal place of business is located at 4885 MacArthur Boulevard NW, Washington, DC 20007. Its resident agent for service of process is S and P Registered Agents, Inc., 1008 Pennsylvania Avenue SE, Washington, DC 20003.

7. Defendant La Goulu, Inc. is a District of Columbia corporation. It does business as Seventh Hill Pizza. Its principal place of business is located at 327 7th Street SE, Washington, DC 20003. Its resident agent for service of process is Professional Registered Agents, Inc., 2600 Virginia Avenue NW, Suite 1112, Washington, DC 20037.

8.      Defendant Christopher Raynal is an adult resident of the District of Columbia. He resides

at: 520 13th Street SE, Unit A, Washington, DC 20003. He is an owner, operator, and officer of

Defendants 7th Hill Restaurant, Inc. and La Goulu, Inc. He exercises control over the operations

of both 7th Hill Restaurant, Inc. and La Goulu, Inc. — including their pay practices.

9.      Defendant Stephane Lezla is an adult resident of Virginia. He resides at: 2332 N

Tuckahoe Street, Arlington, VA 22205. He is an owner, operator, and officer of Defendant 7th

Hill Restaurant, Inc. and La Goulu, Inc. He exercises control over the operations of both 7th Hill

Restaurant, Inc. and La Goulu, Inc. — including their pay practices.

10.     Under the direction of Defendants Raynal and Lezla, 7th Hill Restaurant, Inc. and La

Goulu, Inc. were operated as though they were Plaintiff's joint employers.

### Factual Allegations Specific to Plaintiff Lopez Garcia

11.     Plaintiff Lopez Garcia worked for Defendants from approximately August 17, 2015

through the present.

12.     Plaintiff Lopez Garcia worked for Defendants at 7th Hill Pizza Palisades, 4885

MacArthur Boulevard NW, from approximately August 17, 2015, through February 28, 2016.

13.     Plaintiff Lopez Garcia worked for Defendants at Seventh Hill Pizza, 327 7th Street SE,

from approximately November 16, 2015, through the present.

14.     Plaintiff Lopez Garcia worked simultaneously at both establishments from approximately

November 16, 2015, through February 28, 2016.

15.     Plaintiff Lopez Garcia worked at both restaurants as a kitchen hand.

16.     Plaintiff Lopez Garcia's job duties were the same at both restaurants. She prepared pizza

dough, spread toppings, and made sandwiches.

17.     Plaintiff Lopez Garcia typically and customarily worked over 50 hours per week.

18.     Plaintiff Lopez Garcia was paid by the hour at both restaurants.

19.     Plaintiff Lopez Garcia was paid the same hourly rate at both restaurants.

20.     Plaintiff Lopez Garcia was paid at approximately the following hourly rates:

| Approximate Dates | Hourly Rates |
| --- | --- |
| Aug 17, 2015 - Nov 15, 2015 | $10.50 |
| Nov 16, 2015 - Aug 21, 2016 | $11.50 |
| Aug 22, 2016 - June 30, 2017 | $12.00 |
| July 1, 2017 - Present | $12.50 |

21.     At all relevant times, Plaintiff Lopez Garcia was paid by check.

22.     Plaintiff Lopez Garcia was paid the same regular rate across all hours worked.

23.     Defendants did not pay Plaintiff Lopez Garcia overtime wages — or one and one-half times Plaintiff Lopez Garcia's regular hourly rate for hours worked in excess of 40 in a workweek.

24.     For example, Plaintiff Lopez Garcia worked 121 hours during the two weeks from August 22, 2016 through September 4, 2016. For her work during this period, she was paid $12.00 per hour across all hours worked, including overtime.

25.     For the two weeks from August 22, 2016 through September 4, 2016, Defendants provided her with the following paystub:

4

```
Company Code      Loc/Dept    Number  Page          Earnings Statement              ADP
RG / 6H5 21985741   01/200    100038481 of 1
LA GOULU INC                                         Period Starting:   08/22/2016
327 7th St SE                                        Period Ending:     09/04/2016
Washington, DC 20003                                 Pay Date:          09/09/2016


Taxable Marital Status:    Single
Exemptions/Allowances:       Tax Override:              Wendy Lopez
    Federal:    5            Federal:                   5404 20th Ave
    State:      5            State:                     Hyattville, MD 20782
    Local:      0            Local:
Social Security Number:   XXX-XX-XXXX
```

| Earnings | rate | hours/units | this period | year to date | Other Benefits and Information | | this period | year to date |
|---|---|---|---|---|---|---|---|---|
| Regular | 12.0000 | 121.00 | 1452.00 | 20806.12 | Total Hours Worked | | 121.00 | 1799.47 |
| | Gross Pay | | $1,452.00 | $20,806.12 | | | | |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -70.16 | 558.30 |
| Social Security | -90.02 | 1289.98 |
| Medicare | -21.06 | 301.69 |
| District of Columbia State | 0.00 | 0.00 |
| Maryland State Income | -60.40 | 647.75 |
| Net Pay | | $1,210.36 |

26.     Starting April 17, 2017, Defendants split Plaintiff Lopez Garcia's pay between two checks: one check with a paystub; the other without a paystub.

27.     Defendants owe Plaintiff Lopez Garcia approximately $8,000.00 in unpaid overtime wages.

28.     Moreover, Plaintiff Lopez Garcia accrued paid safe and sick leave during her employment with Defendants.

29.     Plaintiff Lopez Garcia should have earned 1.55 days of paid safe and sick leave during her employment in the year 2015. She is owed approximately $142.51 in paid safe and sick leave for 2015.

30.     Plaintiff Lopez Garcia should have earned 5 days of paid safe and sick leave during her employment in the year 2016. She is owed approximately $480.00 in paid safe and sick leave for 2016.

31.     Plaintiff Lopez Garcia should have earned 5 days of paid safe and sick leave during her employment in the year 2017. She is owed approximately $500.00 in paid safe and sick leave for 2017.

32.     Defendants never offered Plaintiff Lopez Garcia paid leave of any kind during her years of employment.

33.     For Defendants' failure to provide paid safe and sick leave, Plaintiff Lopez Garcia is owed approximately $1,122.51 in lost wages.

34.     Moreover, Defendants owe Plaintiff Lopez Garcia $500.00 in additional damages for each day of leave denied, regardless of whether she took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

35.     Defendants owe Plaintiff Lopez Garcia a total of $5,775.00 in additional damages for each day of denied paid leave.

36.     Upon information and belief, Defendants Raynal and Lezla signed many of Plaintiff's paychecks.

37.     Defendants Raynal and Lezla supervised Plaintiff Lopez Garcia.

38.     Defendants Raynal and Lezla coordinated Plaintiff Lopez Garcia's schedules so that she could work at both restaurants.

39.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

40.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

41.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

42.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

43.     At all relevant times, Defendants were aware that they were legally required to pay

Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours

in any one workweek.

44.     At all relevant times, the annual gross volume of Defendants' business exceeded

$500,000.00.

45.     At all relevant times, Defendants had two or more employees who handled goods and/or

materials that had traveled in or been produced in interstate commerce.

46.     At all relevant times, Defendants had 25 or more employees.

## COUNT I
### FAILURE TO OVERTIME WAGES UNDER THE FLSA

47.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29

U.S.C. § 203(d).

49.     The FLSA requires employers to pay non-exempt employees one and one-half times their

regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C.

§ 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum

wage. 29 C.F.R. § 778.5.

50.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-

half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one

workweek.

51.     Defendants' violations of the FLSA were willful.

52.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid

overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and

expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II

## FAILURE TO PAY WAGES UNDER THE DCMWA

53.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

54.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA D.C. Code § 32-1001(3).

55.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

56.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of 40 hours in any one workweek.

57.     Defendants' violations of the DCMWA were willful.

58.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III

## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

59.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

60.     Each defendant was an "employer" of Plaintiff within the meaning of the ASSLA. D.C. Code § 32-131.01.

61. The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

62.     Defendants violated the ASSLA by not providing Plaintiff with the paid safe and sick

leave.

63.     For Defendants' violations of the ASSLA, Defendants are liable to Plaintiff for $500 in

additional damages for each accrued day of leave denied, regardless of whether Plaintiff took

unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

64.     For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost

wages, compensatory damages, Plaintiff's court costs, reasonable attorney's fees and expenses,

and any other relief deemed appropriate by the Court. D.C. Code § 32-131.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against

Defendants, jointly and severally, on all counts, in the current total amount of **$46,646.71** and

grant the following relief:

a.     Award Plaintiff $32,000.00, consisting of the following overlapping elements:

i.     unpaid overtime wages, plus an equal amount as liquidated damages,

pursuant to the FLSA, 29 U.S.C. § 216;

ii.     unpaid overtime wages, plus three times the amount of unpaid wages as

liquidated damages, pursuant to the DCMWA, D.C. Code §§ 32-

1012(b)(1);

b.     Award Plaintiff $6,897.51, consisting of the following:

      i.      $1,122.51 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.02(e);

      ii.      $5,775.00 in additional damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.12(b);

c.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

d.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to D.C. Code §§ 32-1012(a) and 32-1308(b)(1) (as of this date, approximately $7,349.20);

e.      Award Plaintiff court costs (currently, $400.00); and

f.      Award any additional relief the Court deems just.


Date: July 19, 2017                Respectfully submitted,

                                  /s/ Justin Zelikovitz, Esq.
                                  Justin Zelikovitz, #986001
                                  DCWAGELAW
                                  519 H Street NW
                                  Washington, DC 20001
                                  Phone: (202) 803-6083
                                  Fax: (202) 683-6102
                                  justin@dcwagelaw.com

                                  *Counsel for Plaintiff*